IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MYERS,                )<br>                                              )<br>            Plaintiff,              )<br>                                              )<br>      v.                                    )<br>                                              )<br>CITY OF MADERA, et al.,    )<br>                                              )<br>            Defendants.         )<br>_____) | 1:10-CV-01398 AWI JLT<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>[Doc. #12] |

**BACKGROUND**

On January 15, 2010, Plaintiff Stephen Myers ("Plaintiff") filed a Complaint in Madera County Superior Court against Defendants City of Madera and Madera Police Department. Defendants removed the action to this Court based on federal question jurisdiction on August 4, 2010. Subsequently, on January 11, 2011, Defendants filed a Motion for Judgment on the Pleadings. For the reasons that follow, the motion will be granted.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment on the pleadings is appropriate when, taking all the allegations in the

non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007).  The allegations of the nonmoving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false.  MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006).  The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party.  Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005).

**DISCUSSION**

1.   State Law Claims

Plaintiff alleges state law claims for negligence and intentional infliction of emotional distress ("IIED") against Defendants.  Defendants argue, *inter alia*, that they are immune from liability.  Motion at 6:19.

California Government Code § 815 provides that a "public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  Section 815 "abolishes common law tort liability for public entities."  Miklosy v. Regents of Univ. Of California, 44 Cal. 4th 876, 899 (2008) (citations omitted).  Thus, the liability of a public entity must be based on statute and not common law. Munoz v. City of Palmdale, 75 Cal. App. 4th 367, 369 (1999).

In his opposition, Plaintiff contends that Defendants are not immune from liability. Opposition at 5:26.  Plaintiff states that government employees are liable for their own torts under California Government Code § 820 and that a public entity is vicariously liable for its employee's torts committed within the scope of employment under California Government Code § 815.2.  Id. at 6:7-9.  While these contentions are correct, Plaintiff's Complaint only sets forth allegations against the City of Madera and Madera Police Department and not any specific government employee.  Therefore, these California Government Code provisions are inapplicable to Plaintiff's Complaint.

1  With respect to the negligence cause of action, Plaintiff fails to identify a statute that
2  allows a suit for direct negligence against Defendants.  Plaintiff merely alleges that Defendants
3  "had a legal duty to conform to the standard of a reasonable peace officer" and that Defendants
4  "failed to meet this standard of conduct."  (Doc. 1 at 12.)  However, as stated above, a public
5  entity cannot be held liable for injuries arising from the acts or omissions of the public entity or
6  its employees.  Cal. Gov. Code § 815.  In addition, Plaintiff's IIED cause of action is also
7  precluded because it is a common law tort.  C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1123,
8  1156 (E.D. Cal. 2009).  Therefore, Defendants are immune from liability on Plaintiff's
9  negligence and IIED causes of action.

10  Accordingly, Defendants' Motion for Judgment on the Pleadings is GRANTED with
11  respect to Plaintiff's negligence and IIED causes of action.  Dismissal is with prejudice and
12  without leave to amend.

13  2.  42 U.S.C. § 1983

14  In his third cause of action for violation of 42 U.S.C. § 1983, Plaintiff alleges that
15  Defendants "intentionally filed a false law enforcement report resulting in the arrest of Plaintiff"
16  and that this conduct violated Plaintiff's Fourth Amendment rights.  (Doc. 1 at 13.)

17  Public entities are liable under 42 U.S.C. § 1983 only when the constitutional violation
18  occurs as a result of a policy or custom.  Monell v. Dep't of Soc. Servs. of the City of New York,
19  436 U.S. 658, 690-91 (1978).  Thus, in order to state a claim under Monell, a party must (1)
20  identify the challenged policy/custom; (2) explain how the policy/custom is deficient; (3) explain
21  how the policy/custom caused the plaintiff harm; and (4) reflect how the policy/custom amounted
22  to deliberate indifference, i.e. show how the deficiency involved was obvious and the
23  constitutional injury was likely to occur.  Young v. City of Visalia, 687 F. Supp. 2d 1141, 1149
24  (E.D. Cal. 2009).

25  Plaintiff's Complaint fails to allege any policy or custom by Defendants.  However,
26  Plaintiff's opposition contains numerous facts that should have been included in the Complaint,

3

but were omitted. Opposition at 7-8. The additional facts indicate that amendment of this cause of action would not be futile. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (facts raised in opposition papers may not defeat a motion to dismiss, but may be considered by the court to determine whether dismissal should be with or without prejudice). Accordingly, Defendant's Motion for Judgment on the Pleadings with respect to Plaintiff's 42 U.S.C. § 1983 cause of action is GRANTED. Dismissal is without prejudice and with leave to amend.

   3.   42 U.S.C. § 1986

In the fourth cause of action, Plaintiff alleges a violation of 42 U.S.C. § 1986. (Doc. 1 at 14.) However, it appears that Plaintiff is attempting to allege a failure to train claim under 42 U.S.C. § 1983. Plaintiff alleges that Defendants deprived him of his civil rights as a result of Defendants' failure to train its police officers. Id. Plaintiff alleges that Defendants were deliberately indifferent to the need to train its police officers adequately and this failure to train was the cause of Plaintiff's deprivation of his Fourth Amendment rights. Id.

A public entities' failure to train its employees may create liability under 42 U.S.C. § 1983 when the "failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). "The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy." Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006). A plaintiff alleging a failure to train claim must show: (1) he was deprived of a constitutional right, (2) the municipality had a training policy that "amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [its police officers] are likely to come into contact;" and (3) his constitutional injury would have been avoided had the municipality properly trained those officers. Blankenhorn v. City of Orange, 485 F.3d 463, 484 (9th Cir. 2007).

Plaintiff has merely recited the elements of the cause of action. The Supreme Court has made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). Accordingly, Defendants' Motion for Judgment on the Pleadings on Plaintiff's failure to train claim is GRANTED. Dismissal is without prejudice and with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion for Judgment on the Pleadings is GRANTED. Plaintiff's negligence and IIED causes of action are dismissed with prejudice and without leave to amend. Plaintiff's causes of action under 42 U.S.C. § 1983 are dismissed without prejudice and with leave to amend. Plaintiff has thirty (30) days to file an Amended Complaint consistent with this order.

IT IS SO ORDERED.

Dated: February 28, 2011

CHIEF UNITED STATES DISTRICT JUDGE