IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN MYERS, | ) | 1:10-CV-01398 AWI JLT |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION TO |
| v. | ) | DISMISS |
| | ) | |
| CITY OF MADERA, et al., | ) | [Doc. #30] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

On March 29, 2011, Plaintiff Stephen Myers filed a First Amended Complaint ("FAC") against Defendants City of Madera, Madera Police Department, Michael Kime, Steven Frazier, Randall Williams, and David Tooley.  Plaintiff brings his claims under 42 U.S.C. § 1983 for "Unlawful Arrest & Prosecution" and "Violation of Due Process."  On April 12, 2011, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons that follow, the motion will be granted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  <u>Johnson v. Riverside</u>

1   Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th

2   Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are

3   taken as true and construed in the light most favorable to the non-moving party.  Marceau v.

4   Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075,

5   1077 (9th Cir. 1999).  The Court is not required "to accept as true allegations that are merely

6   conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec.

7   Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979,

8   988 (9th Cir. 2001).  As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
> detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his
> 'entitlement to relief' requires more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will not do. Factual allegations must
> be enough to raise a right to relief above the speculative level, on the assumption
> that all the allegations in the complaint are true (even if doubtful in fact).

13   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

14        To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter,

15   accepted as true, to state a claim to relief that is plausible on its face[.]"  Telesaurus VPC, LLC v.

16   Power, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted).  "In sum, for a complaint to

17   survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from

18   that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v.

19   United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

20        If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to

21   amend even if no request to amend the pleading was made, unless it determines that the pleading

22   could not possibly be cured by the allegation of other facts."  Doe v. United States, 58 F.3d 494,

23   497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would

24   be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**ALLEGED FACTS**

26   On September 9, 2007, Plaintiff, then a police officer with the Madera Police Department

2

("MPD"), was directed to respond to an alleged bar fight next to the MPD offices.  FAC at ¶ 11.
Plaintiff saw suspect Pedro Martinez ("Martinez") standing near a fence adjacent to police
headquarters.  Id. at ¶ 14.  Plaintiff used his police baton to press Martinez against the fence.  Id.
at ¶ 16.  Martinez grabbed the fence with his right hand.  Id. at ¶ 17.  Despite several loud, verbal
commands by Plaintiff to release the fence, Martinez would not comply.  Id. at ¶ 18.  Plaintiff
struck Martinez three or four more times with his police baton until Martinez complied with
Plaintiff's commands to show his hands and release the fence.  Id. at ¶ 19.  Plaintiff arrested
Martinez for a violation of California Penal Code Section 647(f).  Id. at ¶ 20.

On September 11, 2007, Chief of Police for the MPD, Michael Kime ("Chief Kime"),
placed Plaintiff on administrative leave pending the outcome of a use of force internal
investigation.  Id. at ¶ 21.  Chief Kime ordered MPD Commander Steven Frazier ("Commander
Frazier") to begin an internal affairs investigation regarding whether Plaintiff used excessive
force against Martinez.  Id. at ¶ 22.  Subsequently, Chief Kime recommended Plaintiff's
termination to City Administrator David Tooley ("Tooley").  Id. at ¶ 28.  On February 1, 2008,
Tooley notified Plaintiff of his termination.  Id. at ¶ 29.

In addition to the internal investigation, Plaintiff's incident with Martinez resulted in a
criminal investigation.  Id. at ¶ 30.  Chief Kime ordered MPD Commander Randall Williams
("Commander Williams") to begin a criminal investigation based on the allegation that Plaintiff
had used excessive force against Martinez.  Id.  Commander Williams then directed Sergeant
Damon Wasson ("Sergeant Wasson") to conduct the criminal investigation.  Id. at ¶ 31.  Sergeant
Wasson issued a report to the Madera County District Attorney's Office recommending criminal
prosecution against Plaintiff for violations of California Penal Code Sections 118.1, 149, 243(a)
and 245(a)(1).  Id. at ¶ 33.  On March 10, 2008, the Madera County District Attorney's Office
filed criminal charges against Plaintiff for violations of California Penal Code Sections 149 and
245(a)(1).  Id. at ¶ 34.  On January 16, 2009, the criminal complaint was dismissed against
Plaintiff due to insufficient evidence.  Id. at ¶ 36.

3

**DISCUSSION**

1.     MPD is not a proper defendant in this case.

Defendants seek to dismiss MPD as a defendant.  Defendants contend that a municipal department is not a person who can be sued under 42 U.S.C. § 1983.  Motion at 17:18.

A claim for civil rights violations pursuant to 42 U.S.C. § 1983 requires a "person" who acted under color of state law.  Local governmental units, such as counties or municipalities, are considered "persons" within the meaning of 42 U.S.C. § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989).  However, municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. Hervey v. Estes, 65 F.3d 784, 791 (9th Cir. 1995); Sanders v. Aranas, No. 1:06-CV-1574 AWI SMS, 2008 WL 268972, at *2 (E.D. Cal. Jan. 29, 2008).

The MPD is not a proper defendant because it is a sub-division of the City of Madera, which has already been named as a defendant in this case.  Therefore, MPD is stricken as a defendant in this action.

2.     Plaintiff has not stated a claim for unlawful arrest or malicious prosecution.

In cause of action 1, Plaintiff brings a claim under 42 U.S.C. § 1983 for "Unlawful Arrest & Prosecution."  FAC at 7:15-16.  Defendants contend that Plaintiff has not alleged sufficient facts to state a claim.  Motion at 4:19.

A.     Unlawful arrest

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." Dubner v. City and Cnty. of San Francisco, 266 F.3d 959, 964 (9th Cir. 2001) (citation omitted). Plaintiff has alleged that criminal charges were brought against him by the Madera County District Attorney's Office, but has not alleged that he was arrested without probable cause or other justification.  FAC at ¶ 34.  Therefore, Plaintiff has not stated a claim for unlawful arrest under § 1983.  Accordingly, Defendants' motion to dismiss Plaintiff's unlawful arrest claim is

4

1    GRANTED without prejudice and with leave to amend.  The Court instructs Plaintiff that an

2    amended unlawful arrest claim must allege that he was arrested without probable cause or other

3    justification and allege which Defendants engaged in the unlawful conduct.

4         B.     Malicious prosecution

5         To state a § 1983 claim for malicious prosecution, a plaintiff must allege the elements of

6    a state law malicious prosecution claim and establish that the prosecution was conducted for the

7    purpose of denying the plaintiff a specific constitutional right.  Awabdy v. City of Adelanto, 368

8    F.3d 1062, 1066 (9th Cir. 2004); Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir.

9    1987).  To state a claim for malicious prosecution under California law, a plaintiff must show

10   that the proceeding was (1) commenced by or at the direction of the defendant, (2) pursued to a

11   legal termination favorable to plaintiff, (3) brought without probable cause, and (4) initiated with

12   malice.  Womack v. Cnty. of Amador, 551 F. Supp. 2d 1017, 1031 (E.D. Cal. 2006); Sheldon

13   Appel Co. v. Albert & Oliker, 47 Cal. 3d 863, 871 (1987).  Malicious prosecution actions are not

14   limited to suits against prosecutors but may be brought against other persons who have

15   wrongfully caused the charges to be filed.  Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119,

16   1126-27 (9th Cir. 2002).

17        With respect to his malicious prosecution claim, Plaintiff alleges that Chief Kime ordered

18   Commander Williams to begin a criminal investigation against Plaintiff.  FAC at ¶ 30.

19   Commander Williams then ordered Sergeant Wasson to perform the criminal investigation.  Id.

20   at ¶ 31.  Sergeant Wasson completed his investigation and recommended Plaintiff's criminal

21   prosecution for violations of California Penal Code Sections 118.1, 149, 243(a), and 245(a)(1).

22   Id. at ¶ 33.  On March 10, 2008, the Madera County District Attorney's Office filed criminal

23   charges against Plaintiff for alleged violations of California Penal Code Sections 149 and

24   245(a)(1).  Id. at ¶ 34.  On January 16, 2009, the criminal complaint against Plaintiff was

25   dismissed due to insufficient evidence.  Id. at ¶ 36.

26        There are several deficiencies with respect to Plaintiff's malicious prosecution claim.

27

28                                        5

First, Plaintiff has not alleged that criminal charges were brought against him without probable cause.  Second, there are no facts indicating that any prosecution commenced was due to malice on the part of any defendant.  Finally, there are no facts indicating how and which of Plaintiff's constitutional rights were violated.  Therefore, Plaintiff has failed to state a claim under § 1983 for malicious prosecution.  Accordingly, Defendants' motion to dismiss Plaintiff's malicious prosecution claim is GRANTED without prejudice and with leave to amend.

The Court instructs Plaintiff that an amended malicious prosecution claim must allege facts from which the Court can infer that the criminal proceeding was (1) commenced by or at the direction of the defendant, (2) pursued to a legal termination favorable to plaintiff, (3) brought without probable cause, and (4) initiated with malice.  In addition, Plaintiff must allege facts indicating how the prosecution was conducted for the purpose of denying Plaintiff a specific constitutional right.

3.    Plaintiff has failed to state a claim for municipal liability against the City of Madera.

In cause of action 2 for "Violation of Due Process," it appears that Plaintiff is bringing a municipal liability claim against the City of Madera based on a policy and a failure to train.

A.    Policy

Public entities are liable under 42 U.S.C. § 1983 when the constitutional violation occurs as a result of a policy or custom.  Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690-91 (1978).  To state a claim for municipal liability for the failure to protect an individual's constitutional rights, the plaintiff must establish facts indicating the following: (1) the plaintiff possessed a constitutional right, of which he was deprived, (2) the municipality had a policy, (3) the municipal policy amounts to deliberate indifference to the plaintiff's constitutional right, and (4) the municipal policy is a moving force behind the constitutional violation.  Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Here, Plaintiff sets forth only conclusory allegations against the City of Madera.  Plaintiff alleges:

6

63.     Prior to September 9, 2007, . . . City of Madera developed and maintained a policy to terminate city employees that created a perceived exposure of liability to the City thereby exhibiting deliberate indifference to the constitutional rights of persons in the City of Madera.

64.     Acting under color of authority and in their official capacities as decision-makers, Defendants KIME, FRAZIER, WILLIAMS, and TOOLEY, chose a course of action that was ratified by . . . the City of Madera, that despite various reasonable alternatives and contrary to the available evidence and facts, created official policy and caused the violation of Plaintiff's constitutional rights.

FAC at ¶¶ 63-64.

As stated above, in order to state a claim for municipal liability, Plaintiff must allege facts establishing that the City of Madera caused his constitutional violation through a policy. It is not enough to simply conclude that the City of Madera had a policy that caused Plaintiff's constitutional violations. Moreover, it is unclear from Plaintiff's factual allegations what constitutional right of his was violated and how it was violated. Therefore, Plaintiff has not stated a municipal liability claim against the City of Madera based on a policy. Accordingly, Defendants' motion to dismiss Plaintiff's municipal liability claim based on a policy is GRANTED without prejudice and with leave to amend. The Court warns Plaintiff that an amended municipal liability claim based on a policy must do more than simply recite the elements of the cause of action and make conclusory statements.

B.     Failure to train

A public entities' failure to train its employees may create liability under 42 U.S.C. § 1983 when the "failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989). "The issue is whether the training program is adequate and, if it is not, whether such inadequate training can justifiably be said to represent municipal policy." Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1186 (9th Cir. 2006). A plaintiff alleging a failure to train claim must show: (1) he was deprived of a constitutional right, (2) the municipality had a training policy that "amounts to deliberate indifference to the [constitutional] rights of the persons' with whom [its

police officers] are likely to come into contact;" and (3) his constitutional injury would have been avoided had the municipality properly trained those officers. <u>Blankenhorn v. City of Orange</u>, 485 F.3d 463, 484 (9th Cir. 2007).

With respect to his failure to train claim, Plaintiff alleges:

> 65.    Plaintiff was deprived of his constitutional rights when he was terminated and ultimately criminally prosecuted due to the . . . flawed training of supervisors and staff with respect to use of force policies and procedures and the investigation of allegations of excessive use of force by law enforcement personnel.  Despite evidence and facts to the contrary, defendants' decision to terminate and cause the criminal prosecution of Plaintiff demonstrates their deliberate indifference to the constitutional rights of Plaintiff and other, similarly-situated personnel.  Plaintiff would not have suffered his constitutional rights had the . . . City of Madera properly trained its staff on use of force policies and procedures and the investigation of allegations of excessive use of force by law enforcement personnel.

SAC at ¶ 65.  Plaintiff appears to be alleging a novel failure to train claim.  Plaintiff alleges that his own constitutional rights as a police officer were violated as a result of the City of Madera's police training policies.  However, as stated above, a failure to train claim arises when the municipality had a training policy that amounts to deliberate indifference to the constitutional rights of the *persons' with whom police officers are likely to come into contact with.*  Plaintiff has not cited to any cases in the opposition indicating that a police officer can bring a failure to train claim under 42 U.S.C. § 1983 for a violation of his own constitutional rights.  Moreover, even assuming such a theory exists, Plaintiff has not alleged which of his constitutional rights were violated and how they were violated as a result of the City of Madera's failure to train him. Accordingly, Defendants' motion to dismiss Plaintiff's failure to train claim is GRANTED. Although the Court is unaware of any case holding that a police officer can bring a failure to train claim for a violation of his own constitutional rights, in an abundance of caution, the Court dismisses this claim without prejudice and with leave to amend.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiff's First Amended Complaint is GRANTED.  Plaintiff is given leave to amend his claims for (1) unlawful arrest; (2)

malicious prosecution; (3) municipal liability based on a policy; and (4) municipal liability based on a failure to train.  Any amended complaint must be filed within twenty-one (21) days of the filing of this order.

IT IS SO ORDERED.

Dated: _____June 8, 2011_____

_____
CHIEF UNITED STATES DISTRICT JUDGE