IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN MICHAEL MYERS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF MADERA, et al.,<br><br>　　　　　Defendants.<br>_____ | Case No.: 1:10-cv-01398 AWI JLT<br><br>ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY OF RECORD<br><br>(Docs. 38)<br><br>ORDER DIRECTING CLERK TO UPDATE DOCKET AND SERVE PRO SE PLAINTIFF |

On May 27, 2011, attorney Roger D. Wilson ("Wilson") filed a Motion to Withdraw as Attorney of Record for Plaintiff Stephen Michael Myers ("Plaintiff"). (Doc. 38.) On June 6, 2011, Defendants filed their non-opposition to the motion. For the following reasons, the motion to withdraw is **GRANTED**.

**I. Procedural History**

Plaintiff initiated this action by filing his Complaint against the City of Madera and the Madera Police Department in the Madera County Superior Court on January 14, 2010. (Doc. 1, Ex. A.) On August 4, 2010, the case was removed from the Madera County Superior Court to this Court. (Doc. 1.) On October 5, 2010, the Court entered its Scheduling Order, setting the applicable deadlines. (Doc. 11.) The Court granted Defendants' Motion for Judgment on the Pleadings on February 28, 2011 (Doc. 23) and Plaintiff filed his First Amended Complaint against Michael Kime, Steven Frazier, Randall Williams, David Tooley, the City of Madera, the Madera Police Department,

and Does 1-50 (collectively, "Defendants") on March 29, 2011 (Doc. 24).  On May 27, 2011, Wilson filed his Motion to Withdraw as Attorney of Record (Doc. 38) and on June 6, 2011, Defendants filed their Statement of Non-Opposition (Doc. 40).  The Court then granted Defendants' Motion to Dismiss Plaintiff's First Amended Complaint on June 9, 2011.  (Doc. 41.)

## II.  Legal Standard

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California and the Local Rules of the United States District Court, Eastern District of California.  *See* LR 182.  The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry out employment effectively."  Cal. R.P.C. 3-700(C)(1)(d).  Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared.  The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id*.  Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case.  CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court and leave "may be granted subject to such appropriate conditions as the Court deems fit."  LR 182; *see also Canandaigua Wine Co., Inc. v. Moldauer*, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court.").  Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the case caused by withdrawal.  *Canandaigua Wine Co., Inc.*, 2009 U.S. Dist. LEXIS 4238, at *4.

## III.  Discussion and Analysis

Wilson asserts that "following review of the record and investigation into the issues related to Plaintiff's case" (Doc. 38 at 2), "a conflict of interest has arisen wherein [he] cannot ethically continue to represent the interests of Plaintiff" (*Id*. at 1).  Consequently, Wilson moves this Court for an order substituting Plaintiff, *in propria persona*, in place of Counsel.  (*Id*. at 2.)  The declaration

and the proof of service of the Motion to Withdraw clearly indicate Wilson has served all parties, including Plaintiff, with the documents required by the California Rules.  (*Id*. at 2, 4.)

Although Plaintiff has not filed an Opposition or a Statement of Non-Opposition, Defendants filed a Statement of Non-Opposition to the Motion to Withdraw on June 6, 2011.  (Doc. 6.)  Despite Plaintiff's silence, Wilson requests "Plaintiff be granted a reasonable extension of time within which to prepare for the Mid-Discovery Status Conference currently scheduled for June 30, 2011."  (*Id*. at 2.)  Therefore, any harm to Plaintiff would be mitigated by the extension of time and the delay to the resolution of the case would be minimal.

**IV.  Conclusion and Order**

Wilson followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing his Motion to Withdraw as Plaintiff's attorney. He also set forth sufficient reasons for his withdrawal.  Therefore, the Court is acting within its discretion to grant the motion to withdraw.  *See* LR 182.

Accordingly, **IT IS HEREBY ORDERED**:

1. The amended motion to withdraw is **GRANTED**;
2. The Clerk's Officer **SHALL TERMINATE** Roger D. Wilson as "Attorney to be Noticed" for Plaintiff in the Court docket and update the docket to reflect Plaintiff's last known contact information as follows:

    Stephen Michael Myers
    3433 West Weldon
    Fresno, California 93722;

3. The Mid-Discovery Status Conference scheduled in June 30, 2011 is **VACATED**;
4. The parties **SHALL** meet and confer to discuss proposed amendments to the case schedule;
5. The parties **SHALL** file a joint statement no later than July 25, 2011 that details the status of the pending motion to dismiss, the proposed case schedule amendments, and any other details pertinent to the matter's status; and
6. Plaintiff is advised that failure to comply with the Local Rules, Federal Rules, or a Court Order, including this Order, may result in dismissal of this action pursuant to

1         <u>Local Rule 110.</u>

2 IT IS SO ORDERED.

3 Dated:  **June 21, 2011**                                                   **/s/ Jennifer L. Thurston**
                                                                               UNITED STATES MAGISTRATE JUDGE