**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEPHEN MYERS,<br><br>            Plaintiff,<br><br>   v.<br><br>MICHAEL KIME, et al.,<br><br>            Defendants. | Case No.: 1:10-cv-01398 AWI JLT<br><br>ORDER DENYING REQUEST TO AMEND SCHEDULING ORDER<br><br>(Doc. 48) |

Before the Court is the request of Defendants to amend the scheduling order. (Doc. 48) In the request, Defendants indicate that Plaintiff has failed to file an amended pleading and their motion to dismiss on this basis is scheduled to be heard on August 29, 2011. Id. at 3. Defendants indicate that they attempted to obtain a stipulation from Plaintiff to extend the deadlines set forth in the scheduling order but he did not respond. Id. at 2-3. For the reasons discussed below, the Court **DENIES** the request to amend the scheduling order at this time.

**I.   Background**

On October 5, 2010, the Court issued the scheduling order in this case. In it, the Court notified the parties,

> **The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief**

1       **requested.**

2  (Doc. 11 at 7.) Since the time of the scheduling order, the entity defendants filed a motion for

3  judgment on the pleadings (Doc. 12) which was granted but gave Plaintiff 30 days leave to amend

4  his complaint. (Doc. 23) On March 29, 2011, Plaintiff filed his First Amended Complaint (Doc 24),

5  in response to which Defendants filed a motion to dismiss. (Doc. 30) On June 9, 2011, the Court

6  granted the motion to dismiss and granted Plaintiff 21 days leave to amend. (Doc. 41) When

7  Plaintiff did not file an amended complaint, on July 15, 2011. (Doc. 47)

8        In their current filing, Defendants seek extensions of the dates set forth in the scheduling

9  order. (Doc. 48)

10 **II.   Analysis**

11       Pursuant to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified <u>only for good cause</u>

12 and only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson v. Mammoth Recreations, Inc.</u>,

13 975 F.2d 604, 609 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

18       Parties must "diligently attempt to adhere to that schedule throughout the subsequent course

19 of the litigation." <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 607 (E.D. Cal. 1999); see <u>Marcum v.</u>

20 <u>Zimmer</u>, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the

21 parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur,

22 notwithstanding her diligent efforts to comply, **because of the development of matters which**

23 **could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling**

24 **conference** . . ." <u>Jackson</u>, 186 F.R.D. at 608, emphasis added.

25       In the current request, Defendants set forth that Plaintiff has not been diligent in pursuing

26 discovery. (Doc. 48 at 2-3) However, they provided little information about their own diligence.

27 Thought the Court appreciates that discovery is impossible with an absent party, Defendants have not

28 sought the Court's assistance in compelling responses or, in their request, demonstrated in other

1  ways their own diligence.

2      Therefore, because the request fails to comply with Rule 16 and fails to provide good cause

3  for the requested extension of the discovery deadlines set forth in the scheduling order, the request is

4  **DENIED WITHOUT PREJUDICE**.

5  IT IS SO ORDERED.

6  Dated:  **August 4, 2011**　　　　　　　　　　　　　　　　　　　　/s/ **Jennifer L. Thurston**
                                                                                    UNITED STATES MAGISTRATE JUDGE